STATE ex rel. Michael Christopher
MORELAND, Relator,

v.

Honorable Joseph M. LADD, Judge,
Circuit Court, Franklin County,
Respondent.

No. 73477.

Supreme Court of Missouri,
En Banc.

May 3, 1991.

Frank K. Carlson, Union, for relator.

David B. Tobben, Pros. Atty., Union, for respondent.

HIGGINS, Judge.

The issue is whether Judge Ladd exceeded his jurisdiction by removing Michael Christopher Moreland's trial counsel, Frank Carlson, on the ground that Mr. Carlson's associate serves as the part-time municipal judge in the municipality where the criminal charges against Moreland arose. Judge Ladd sustained the prosecution's motion to disqualify Mr. Carlson on the ground that his association with the municipal judge created a conflict of interest under Opinion 81 of the Missouri Commission on Retirement, Removal and Discipline, dated May 26, 1982. Because no conflict of interest exists, Judge Ladd had no jurisdiction to disqualify Mr. Carlson, and the preliminary rule in prohibition is made absolute.

Moreland is charged with first degree murder and armed criminal action in connection with the stabbing death of a Washington, Missouri, woman. Moreland employed Mr. Carlson to defend him; the prosecution moved to disqualify Mr. Carlson. Citing Opinion 81 as authority, Judge Ladd sustained the motion because of Mr. Carlson's association with "attorney Craig Hellmann, municipal judge in Washington, Missouri, where the crime was allegedly committed and in the course of which Washington police officers are involved." Over objections by Moreland and the public defender, Judge Ladd appointed a public defender to represent Moreland. Upon Moreland's application, this Court issued its preliminary rule to prohibit Judge Ladd from proceeding with the preliminary hearing without Mr. Carlson, Moreland's counsel of choice.

Moreland contends the preliminary rule should be made absolute because Judge Ladd exceeded his jurisdiction in applying Opinion 81 to find a conflict of interest. Opinion 81 recommends that a municipal judge who seeks to defend a state court criminal charge based upon facts occurring within the municipality where the judge serves should not defend the state charge. The Commission reasons that such an attorney could end up a judge in one forum and defense counsel in another based upon the same set of facts.

Rule 12.27 (repealed December 1, 1987) provided for the rendering of advisory opinions by the Commission. Because such opinions were advisory only and were not binding on this Court, the Commission's decision in Opinion 81 is of no import in this

case. Opinion 81 notwithstanding, neither it nor its purported ethical underpinnings apply to this case. Moreland wants Mr. Carlson to represent him on the state court charges; Mr. Hellmann, not Mr. Carlson, serves as the municipal judge. Although Rule 1.10 of Rule 4, Rules of Professional Conduct, extends the disqualification of one attorney in a firm to all attorneys in the same firm if the informed client does not consent to representation involving a potential conflict of interest, *see* Rule 1.7, Rule 1.10 is inapplicable if, as in this case, Mr. Hellmann has no conflict of interest.

Rule 1.7 construes a conflict of interest to exist when an attorney's representation of one client "will be directly adverse to another client" or when that representation "may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests." The only connection between Mr. Hellmann and Moreland is that the Washington police officers that appear as witnesses in the municipal court might appear as witnesses in the state court case. Any notion that Mr. Hellmann's relationship to the representation of Moreland by Mr. Carlson will violate Canon 5(C)(1) of Rule 2, Code of Judicial Conduct, is put to rest by that rule's pronouncement that "[a] part-time judge is not required to comply with Canons 4, 5, 6 and 7." *See* Compliance with the Code of Judicial Conduct. Mr. Hellmann's station as a neutral and detached municipal judge, who has never served as an advocate for the police officers, cannot be perceived to override Moreland's Sixth Amendment right to counsel of his choice. *See Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

For these reasons, and because Moreland has never appeared before Mr. Hellmann and will not appear before Mr. Hellmann in connection with the crimes charged against him, there is nothing in this case to support any inference that Mr. Hellmann's relationship to the representation of Moreland by Mr. Carlson would be directly adverse to the citizens of Washington or would be limited by Mr. Hellmann's responsibilities to those citizens or by his own interests.

The preliminary rule in prohibition is made absolute.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and BRECKENRIDGE, Special Judge, concur.

BILLINGS, J., not sitting.